C. A. 8th Cir. Motion of National Right to Life Committee, Inc., for leave to file a brief as amicus curiae granted. Certiorari denied.
*1175 Memorandum of Justice Stevens, respecting the denial of the petition for certiorari.
The Court’s opinion in United States v. Salerno, 481 U. S. 789 (1987), correctly summarized a long established principle of our jurisprudence: “The fact that [a legislative] Act might operate unconstitutionally under some conceivable set of circumstances is insufficient to render it wholly invalid.” Id., at 745.
Unfortunately, the preceding sentence in the Salerno opinion went well beyond that principle. That sentence opens Part II of the opinion with a rhetorical flourish, stating that a facial challenge must fail unless there is “no set of circumstances” in which the statute could be validly applied. Ibid.; post, at 1178. That statement was unsupported by citation or precedent. It was also unnecessary to the holding in the case, for the Court effectively held that the statute at issue would be constitutional as applied in a large fraction of cases. See 481 U. S., at 749-750.
While a facial challenge may be more difficult to mount than an as-applied challenge, the dicta in Salerno “does not accurately characterize the standard for deciding facial challenges,” and “neither accurately reflects the Court’s practice with respect to facial challenges, nor is it consistent with a wide array of legal principles.” Dorf, Facial Challenges to State and Federal Statutes, 46 Stan. L. Rev. 235, 236, 238 (1994). For these reasons, Salerno’s rigid and unwise dictum has been properly ignored in subsequent cases even outside the abortion context.[1] Accordingly, there is *1176 no need for this Court affirmatively to disavow that unfortunate language, in the abortion context or otherwise, until it is clear that a federal court has ignored the appropriate principle and applied the draconian “no circumstance” dictum to deny relief in a ease in which a facial challenge would otherwise be successful.[2] I thus concur in the denial of this petition.

 See, e. g., Planned Parenthood of Southeastern Pa. v. Casey, 505 U. S. 833, 895 (1992) (statute facially invalid as “substantial obstacle” to exercise of right in “large fraction” of cases); id., at 972-973 (Rehnquist, C. J., concurring in judgment in part and dissenting in part) (arguing that “no circumstance” dictum should have led to different result); Kraft Gen. Foods, Inc. v. Iowa Dept. of Revenue and Finance, 505 U. S. 71, 82 (1992) (Rehnquist, C. J., dissenting) (arguing that tax statute was facially valid because it would be constitutional under certain facts); INS v. National Center for Immigrants’ Rights, Inc., 502 U. S. 183, 188 (1991) (applying appropriate rule: “That the regulation may be invalid as applied in [some] cases, . . . does not mean that the regulation is facially invalid”); Bowen v. Kendrick, 487 U. S. 589, 602 (1988) (statute facially invalid under Establishment Clause only if, inter alia, law’s “primary effect” is advancement of religion, or if it requires “excessive entanglement” between church and state); id., at 627, n. 1 (Blackmun, J., dissenting) (pointing out and agreeing with majority’s failure to apply “no circumstance” dictum); Shaffer v. Heitner, 433 U. S. 186 (1977) *1176 (examining facial validity of state statute permitting exercise of personal jurisdiction over defendant without reference to whether statute was constitutional as applied to petitioner).
These cases, along with other decisions and the holding in Salerno itself (that the- challenged Act was constitutional in most circumstances, not merely one), should have braced the dissent against the minor risk of whiplash from the “head-snapping” observation, post, at 1180, that our “doctrinal pattern is somewhat more complex” than Salerno’s “no circumstance” language suggests, Fallon, Making Sense of Overbreadth, 100 Yale L. J. 853, 859, n. 29 (1991) (citing cases).

 In all likelihood, the decision of the Fifth Circuit applying the “no circumstance” test would have been decided the same way even if that court had utilized the “large fraction” test applied by the Eighth Circuit in this case. See Barnes v. Moore, 970 F. 2d 12, 14 (CA5 1992) (noting that the provisions at issue were “substantially identical” to provisions upheld in Casey).
Furthermore, it is not at all clear to me, given intervening statements by Members of this Court, see Fargo Women’s Health Organization v. Schafer, 507 U. S. 1013, 1014 (1993), that subsequent Fifth Circuit panels would follow Barnes’ application of the “no circumstance” test, providing yet another reason to deny the petition in this case.